UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| V. | NO. 10-56 |
| MARK GRIFFIN | SECTION "F" |

ORDER AND REASONS

Before the Court is Mark Griffin's *pro se* motion for a sentence reduction, compassionate release, or home confinement under 18 U.S.C. § 3582(c) and the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, along with a motion seeking appointment of counsel. For the reasons that follow, the motion for sentence reduction or compassionate release is DENIED without prejudice, the request for home confinement is DENIED, and the request for appointment of counsel is DENIED.

**Background**

Mark Griffin has served 11 years of a 20-year term of imprisonment imposed following his plea of guilty to conspiracy to distribute five kilograms of cocaine hydrochloride. Griffin is presently incarcerated at the Federal Correctional Institution in Hazelton with a projected release date of April 15, 2027.

1

Griffin contends that he takes medication and has been hospitalized for various health conditions; he fears that he will contract COVID-19 while incarcerated. He now requests compassionate release or home confinement. He also requests that counsel be appointed to represent him as he pursues compassionate release.

I.

*A.*

Congress prescribes certain prerequisites to district court consideration of motions seeking sentence modifications, including motions seeking compassionate release. Courts generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Since passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), however, federal courts "may reduce the term of imprisonment" upon request by an inmate. §3582(c)(1)(A); see also United States v. Chambliss, 948 F.3d 691, 692-93 (5th Cir. 2020)(As amended, § 3582(c) provides that the Court "on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'"). The reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

2

For a motion seeking compassionate release "to be properly before the court," then, a defendant must first request that the Bureau of Prisons "bring a motion on the defendant's behalf." United States v. Franco, --- F.3d ---, 2020 WL 5249369, at *1 (5th Cir. Sept. 3, 2020)(determining as a matter of first impression in the Fifth Circuit that the requirement in the First Step Act that a defendant must file a request for reduction of sentence with the Bureau of Prisons before filing a motion in federal court is mandatory).  This particular statutory requirement -- "that a defendant [must] file a request with the BOP before filing a motion in federal court," although non-jurisdictional -- "is [nonetheless] a paradigmatic mandatory claim-processing rule." Franco, 2020 WL 5249369, at *2.[1]  Given the statute's mandatory language, the rule that all requests for compassionate release must first be presented to the BOP before litigated yields to no excuses or exceptions.  Id.

*B.*

Simply put, a defendant must exhaust his remedies with the BOP before a court may consider a motion for compassionate release.

---

[1] In reaching this conclusion, the Fifth Circuit joined three other circuits.  See United States v. Alam, 960 F.3d 831, 833 (6th Cir. 2020); United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020); United States v. Springer, -- Fed.Appx. --, 2020 WL 3989451 (10th Cir. July 15, 2020).

See, e.g., Raia, 954 F.3d at 596-97 (holding that failure to comply with the § 3582(c)(1)(A) exhaustion requirement presents "a glaring roadblock foreclosing compassionate release"); Alam, 960 F.3d at 835-36 (declining to carve out a futility exception to the § 3582(c)(1)(A) exhaustion requirement).

Here, the government represents that the BOP has no record of any motion or request for compassionate release made by Griffin. Indeed, Griffin admits as much in his motion when he urges the Court to waive the exhaustion requirement. The Court may not waive a mandatory claims-processing rule. See Franco, 2020 WL 5249369, at *2 ("because the government properly raised the rule in district court, this 'court *must* enforce the rule.'")(citation omitted, emphasis added in panel opinion).

Because Griffin has failed to comply with the statute's mandatory exhaustion requirement, his motion for compassionate release must be denied without prejudice. Griffin may seek compassionate release from this Court only after he fully exhausts his administrative rights to appeal the BOP's failure to bring a motion for compassionate release or he waits until 30 days lapse with no response after the warden's receipt of such a request. Having failed to complete the first mandatory claims-processing

step -- requesting compassionate release from the warden -- Griffin's motion must be denied without prejudice.[2]

## II.

Insofar as Griffin requests that this Court release him on home confinement under the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. No. 116-136, 134 Stat. 281, the Court lacks authority to do so.

The CARES Act provides that "the *Director of the Bureau [of Prisons]* may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code." Pub. L. No. 116-136, 134 Stat. 281, 516 (emphasis added). The Director of the Bureau of Prisons "may" do so if "the Attorney General finds that emergency conditions will materially

---

[2] As he pursues his administrative remedies, Griffin should be mindful that, before seeking relief in Court, he must request that the Warden file a motion seeking *compassionate release*, which is distinct from a request for home confinement. "[W]hile the CARES Act allows a defendant to request home confinement from the warden, it does not authorize compassionate release, as the compassionate release statute is separate from the CARES Act." See, e.g., United States v. Brown, No. 13-286, 2020 WL 3292874, at *2 (E.D. La. June 18, 2020)(Vance, J.)(noting that the BOP exercises authority on home confinement requests pursuant to a different statute than the compassionate release provision of 18 U.S.C. § 3582(c) and "[c]ourts have therefore found that when a defendant requests only home confinement from the warden--and not release under the compassionate release provisions--he has failed to exhaust his administrative remedies").

affect the functioning of the Bureau[.]" CARES Act, § 12003(b)(2). The Attorney General has so found. See William P. Barr, Memorandum for Director of Bureau of Prisons (Apr. 3, 2020).[3]  The Court underscores that, by statute, this authority relative to home confinement is conferred solely on the Director of the Bureau of Prisons:  while the Director may "lengthen the maximum amount of time for which" Griffin is placed on home confinement, CARES Act, § 12003(b)(2), this Court may not.  See 18 U.S.C. § 3621(b).[4] Griffin's request that this Court release him on home confinement under the CARES Act therefore must be denied.  As it must, the Court defers to the BOP administrative process concerning requests for home confinement due to COVID-19 concerns.

### III.

Finally, Griffin requests that the Court appoint counsel to represent him as he pursues compassionate release.  He contends that the inmate that had assisted him with preparing his motion is being released and that he (Griffin) is not versed in the law.

Griffin has no constitutional or statutory right to appointed counsel.  See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987);

---

[3] Available at https://www.justice.gov/file/1266661/download
[4] Placement of inmates is BOP's prerogative. The Court simply lacks the power to place Griffin on home confinement. See 18 U.S.C. § 3621(b)("The Bureau of Prisons shall designate the place of the prisoner's imprisonment[.]"); see also § 3582(c)(limiting the Court's authority to modify or reduce a sentence).

see also 18 U.S.C. § 3006A; see also United States v. Whitebird, 55 F.3d 1007, 1011 (5th Cir. 1995)(as a matter of first impression, holding that a motion to reduce sentence under § 3582(c) is not an "ancillary matter" under § 3006A(c)); see also United States v. Tidwell, 178 F.3d 946, 949 (7th Cir.), cert. denied, 528 U.S. 1023 (1999).  Although the Court may in its discretion appoint counsel in the interest of justice, see United States v. Robinson, 542 F.3d 1045, 1051-52 (5th Cir. 2008), Griffin fails to persuade the Court that appointing counsel would assist him or the Court in resolving his motion. Griffin filed a detailed motion including reference to relevant statistics, legal authorities including citations to relevant statutes and recent authorities, and he includes some medical records (records which the government supplemented).  Regardless of whether he has the assistance of inmate counsel, Griffin has demonstrated the capacity to adequately present arguments supporting a request for compassionate release.  He simply must first direct those arguments to the warden at his facility before presenting them to the Court. The Court cannot and need not appoint counsel for every inmate seeking compassionate release during the pandemic, and Griffin has not demonstrated that counsel is required to assist him or the Court in resolving any future motion seeking compassionate release.  Appointment of counsel is not warranted.

\*\*\*

Accordingly, for the foregoing reasons, Griffin's motion for compassionate release is DENIED without prejudice, his request for home confinement is DENIED, and his request for appointment of counsel is DENIED.

New Orleans, Louisiana, September 20, 2020

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE