UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NO. 10-56 |
| MARK GRIFFIN | SECTION "F" |

ORDER AND REASONS

Before the Court is Mark Griffin's motion seeking compassionate release based on concerns arising from the COVID-19 pandemic. For the reasons that follow, the motion is DENIED.

**Background**

Mark Griffin has served 11 years of a 20-year term of imprisonment imposed following his plea of guilty to conspiracy to distribute five kilograms of cocaine hydrochloride. Griffin is presently incarcerated at the Federal Correctional Institution in Hazelton with a projected release date of April 15, 2027.

During his incarceration, Griffin has taken medication and has been hospitalized for various health conditions. Like many, he fears that he will contract COVID-19 while incarcerated. Griffin previously requested compassionate release and appointment of counsel. Both motions were denied. The motion for compassionate

1

release was denied on the grounds that he did not exhaust his administrative remedies. Now, for a second time, he seeks compassionate release, claiming all administrative remedies have now been exhausted.

I.

A.

Griffin moves for compassionate release under 18 U.S.C. § 3582(c) due to his chronic health conditions.[1] The government opposes Griffin's request for compassionate release because Griffin's medical conditions fail to meet § 3582(c) "extraordinary and compelling" requirement. Because all agree that Griffin exhausted his administrative remedies within the Bureau of Prisons, the Court turns directly to the merits of Griffin's request for a sentence reduction.[2] He is ineligible for one.

B.

While courts generally "may not modify a term of imprisonment once it has been imposed," courts have discretion in limited instances. 18 U.S.C. § 3582(c). Three substantive criteria guide

---

[1] The First Step Act of 2018 amended 18 U.S.C. § 3582(c) to allow prisoners to move for compassionate release on their own behalf. See Pub. L. No. 115-391, 132 Stat. 5239. Before the amendment, only the Director of the Bureau of Prisoners could move for compassionate release.

[2] The administrative exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A) is met because the warden denied Griffin's administrative request and his administrative appeal.

the Court's discretion in determining whether an incarcerated person has demonstrated that a sentence reduction is warranted:

- "extraordinary and compelling reasons warrant ... a reduction";[3]
- the reduction would be "consistent with any applicable policy statements issued by the Sentencing Commission"; and
- the applicable sentencing factors in § 3553(a) support a reduction.

See 18 U.S.C. § 3582(c)(1)(A).[4]  As the petitioner, Griffin has the burden to show that a sentence reduction is warranted.  See United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).  Notably, and ultimately dispositive here, even if a compassionate release petitioner is eligible relief (i.e., he demonstrates that extraordinary and compelling reasons warrant a sentence reduction), consideration of applicable § 3553(a) factors may

---

[3] "Extraordinary and compelling reasons" is found at subsection (i); Griffin is ineligible for relief under subsection (ii) because he is not "at least 70 years of age," and he has not "served at least 30 years in prison[.]" 18 U.S.C. § 3582(c)(1)(A)(ii).
[4] Relying on the parallel language of Sections 3582(c)(1) and (c)(2), the Sixth Circuit has determined that Dillon v. United States, 560 U.S. 817 (2010) confirms that § 3582(c)(1)(A) calls for a sequenced three-party inquiry, with the second step inapplicable to prisoner motions because there is no "applicable" policy statement to consult.  See United States v. Jones, 980 F.3d 1098, 1106-07 (6th Cir. 2020)(describing § 3582(c)(1)(A)'s phrasing as "confusing" with "oddly placed commas" and ultimately determining that the second "applicable policy statement" portion of the step is inapplicable to prisoner motions).

nevertheless persuade the Court to exercise its discretion to deny the motion. See Chambliss, 948 F.3d at 693-94 (affirming the district court's denial of motion seeking sentence reduction in light of the § 3553(a) factors, notwithstanding the petitioner's terminal disease constituting an extraordinary and compelling reason for a reduction).

1.

Mindful that the Court is not bound by the U.S. Sentencing Guidelines in determining whether Griffin shows extraordinary and compelling reasons for a reduction,[5] it is nevertheless helpful to consider these three circumstances that may be "extraordinary and compelling": (1) a medical condition; (2) age; and (3) family circumstances. U.S.S.G. § 1B1.13, Note 1. A medical condition maybe be "extraordinary and compelling reason" if the defendant is

> (I) suffering from a serious medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover

---

[5] See United States v. Gonzales, 819 Fed. Appx. 283, 384-85 (5th Cir. 2020).

4

U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).[6]

During the COVID-19 pandemic, the Fifth Circuit has observed that some courts deem medical conditions extraordinary and compelling "where the defendant has demonstrated an increased risk of serious illness if he or she were to contract COVID" but the court nevertheless observed there is no "unanimous" agreement that "every high-risk inmate with preexisting conditions" demonstrates an extraordinary and compelling reason. United States v. Thompson, 984 F.3d 431, 434 (5th Cir. 2021)(noting that those courts that granted compassionate release where the defendant demonstrated an increased risk of serious illness "largely have done so for defendants who had already served the lion's share of their sentences and presented multiple, severe, health concerns").  In Thompson, the Fifth Circuit affirmed a denial of compassionate release for a defendant who suffered from hypertension, high cholesterol, and had previously suffered a stroke. Id. (observing that "nearly half of the adult population in the United States suffers from hypertension[,] roughly 12% of Americans suffer from high cholesterol.  Thus, we cannot say that either of those conditions makes Thompson's case 'extraordinary.' Unfortunately, both are commonplace.").

---

[6] Griffin invokes neither his age nor his family circumstances as predicates for extraordinary and compelling circumstances.

5

The government has conceded that certain medical conditions may be extraordinary and compelling if they are identified by the Center for Disease Control and Prevention as definitively posing a high risk to the inmate of serious disease from COVID-19. The CDC has identified a number of conditions as having a significant association with risk of severe COVID-19 illness and others that might increase the risk of developing a severe illness from COVID-19; moderate-to-severe asthma and hypertension are among those conditions that might increase the risk of severe illness.[7]

The record shows that Griffin suffers from several medical conditions, including blood clots, asthma, high blood pressure, and seizures. According to the CDC, two of these conditions (asthma and hypertension) might place him at a higher risk of severe symptoms or an adverse outcome should he contract COVID-19. Even so, Griffin fails to demonstrate that his health conditions are not adequately managed in BOP custody. As to his asthma, Griffin has not alleged that his asthma is so severe that he cannot be provided adequate care within FCI Hazleton. Griffin admits that he is provided with two separate inhalers, thus

---

[7] See Centers for Disease Control and Prevention, People with Certain Medical Conditions (March 29, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html see also https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html

managing this condition. As to his hypertension, as the Fifth Circuit observed, nearly half of the American adult population suffers from this commonplace and manageable condition, rendering it unlikely to constitute an extraordinary or compelling circumstance. Thompson, 984 F.3d at 434. Furthermore, as the government underscores, FCI Hazelton has implemented measures to control the spread of the virus.[8] Absent a showing that his medical conditions are severe and not adequately managed in prison, Griffin simply fails to show extraordinary and compelling reasons to grant him release or a sentence reduction.

2.

Even assuming Griffin had shown "extraordinary and compelling reasons," the Court would deny his request for a sentence reduction. When considering whether to reduce a term of imprisonment, the Court is obliged to review that factors set forth in § 3553(a) to the extent they are applicable. 18 U.S.C. § 3582(c)(1)(A). In Griffin's case, the § 3553(a) factors militate against a sentence reduction.

The § 3553(a) factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the

---

[8] At FCI Hazleton, BOP reports that just two inmates and four staff currently have COVID-19.

7

offense's seriousness or promote respect for the law or to afford adequate deterrence, and to protect the public from further crimes; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established for the applicable category of offense or defendant; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records; and (7) the need to provide restitution to any victims of the offense. Balancing the applicable factors falls within the Court's discretion and mere disagreement with how the factors are balanced is insufficient to warrant relief on appeal. United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020). In this case, the first two factors persuade the Court that a sentence reduction is unwarranted.

First, considering the nature and circumstances of Griffin's offense and his history and characteristics: Griffin was convicted of conspiracy to distribute five kilograms of cocaine. According to the factual basis supporting his guilty plea, Griffin was the source of supply for 15 to 50 kilograms of cocaine sourced in Texas to Houma, Louisiana for multiple years. And Griffin has prior criminal history for similar crimes for which he was incarcerated for years in Texas; he simply resumed his cocaine distribution conspiracy once he was released from incarceration.

Second, the Court looks to the need for the sentence imposed. The seriousness of Griffin's offense is illustrated by the 20-year mandatory minimum sentence triggered by his drug dealing history and the long-running nature of the conspiracy in which he was a supplier. The sentence imposed reflected the seriousness of the offense, promotes respect for the law, and provides just punishment, whereas a reduction would thwart these objectives.

The Court finds that consideration of the § 3553(a) factors militate against granting Griffin a sentence reduction. He is thus ineligible for a sentence reduction on this independent ground.

***

No extraordinary and compelling reasons warrant a reduction of Griffin's sentence. 18 U.S.C. § 3582(c)(1)(A). And granting Griffin a reduction is unwarranted considering the applicable sentencing factors of § 3553(a). Accordingly, IT IS ORDERED: that Griffin's motion seeking compassionate release is DENIED.

New Orleans, Louisiana, April 6, 2021

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE