UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                         CRIMINAL ACTION

VERSUS                                                                          NO. 10-56

MARK GRIFFIN                                                                 SECTION "R"

### ORDER AND REASONS

Before the Court is defendant Mark Griffin's motion for compassionate release.[1] The Government opposes the motion.[2] For the following reasons, the Court denies defendant's motion.

## I.   BACKGROUND

On July 28, 2010, defendant pleaded guilty to conspiring to distribute five kilograms or more of cocaine hydrochloride.[3] He was subsequently sentenced to a twenty-year term of imprisonment.[4] Defendant is currently serving his sentence and has a release date of April 15, 2026.[5] Defendant has

---

[1]   R. Doc. 62.
[2]   R. Doc. 66.
[3]   R. Doc. 20.
[4]   R. Doc. 34.
[5]   *See* Fed. Bureau of Prisons, *Find an Inmate* (2023), https://www.bop.gov/inmateloc.

twice moved for compassionate release on the grounds that he is medically vulnerable and fears contracting COVID-19. Both motions were denied.[6]

Defendant now moves a third time for compassionate release.[7] He contends that compassionate release is warranted because he experiences various health problems—namely, asthma, pre-diabetes, hypertension, and blood clots—that put him at high risk of developing complications if he contracts COVID-19.[8] He also asserts that if he had been sentenced today, he would not have been subject to a minimum twenty-year sentence.[9] The Government opposes defendant's motion.[10] The Court considers the motion below.

## II.   DISCUSSION

Upon a prisoner's motion, a court may, after considering the sentencing factors set out in 18 U.S.C. § 3553(a), grant compassionate release if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021) (holding that, in evaluating a motion by an

---

| | |
|---|---|
| 6 | R. Docs. 51 & 58. |
| 7 | R. Doc. 48. |
| 8 | R. Doc. 62 at 6. |
| 9 | *Id.* |
| 10 | R. Doc. 66. |

2

inmate, rather than the BOP, the district court "is bound only by § 3582(c)(1)(A)(i)" and "the sentencing factors in § 3553(a)").[11]

### A.   § 3553(a) Factors

In evaluating defendant's motion, the Court must first "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Here, the Court finds that two § 3553(a) factors in particular—the "seriousness of the offense" and the "history and characteristics of the defendant"—militate against early release. *See* 18 U.S.C. § 3553(a). As for the seriousness of the offense, defendant served as a distributor of narcotics to lower-level distributors in Louisiana. According to the factual basis he signed, defendant distributed or possessed with the intent to distribute between fifteen and fifty kilograms of cocaine hydrochloride.[12] Further, prior to committing the instant offense, defendant

---

[11]   The Court may grant a defendant's motion for compassionate release only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or after 30 days have passed "from the recipient of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). In this case, the Government notes that defendant filed a request to be released on compassionate release grounds in September 2020, which the Bureau of Prisons (the "BOP") denied. R. Doc. 66 at 2. He appealed his ruling, which the BOP also denied. *Id.*

[12]   R. Doc. 21 at 3.

had committed a number of similar drug-related offenses. For example, the presentence investigation report indicates that in 1992, defendant pled guilty to possessing with the intent to distribute cocaine; in 1994, defendant pled guilty to distributing cocaine base; and in 2000, defendant pled guilty to possessing with the intent to manufacture or deliver 400 grams or more of cocaine and possessing between 50 and 2,000 pounds of marijuana.[13] After serving his sentence for these crimes, defendant resumed his cocaine distribution conspiracy, resulting in the instant office. The Court thus finds that the § 3553(a) factors do not weigh in favor of compassionate release.

### B.    "Extraordinary and Compelling Reasons"

Defendant has also failed to demonstrate that there exist "extraordinary and compelling reasons" warranting his release. 18 U.S.C. § 3582(c)(1)(A)(i). In support of his motion, defendant asserts that he suffers from hypertension, asthma, pre-diabetes, and blood clots,[14] which place him at high risk of serious complications if he contracts COVID-19.

As a threshold matter, defendant provides no evidence of his health problems. Assuming defendant's contentions regarding his health are true,

---

[13]    *Id.* at 2.
[14]    R. Doc. 62 at 5.

4

the Court nevertheless finds that defendant has not established that his health conditions rise to the level of "extraordinary," or that the facility at which he is incarcerated is unable to manage his health needs. *See, e.g.*, *United States v. Thompson*, 984 F.3d 431, 434 (5th Cir. 2021) (affirming the district court's denial of compassionate release, noting that "nearly half of the adult population in the United States suffers from hypertension"); *United States v. Alfaro*, No. 12-252, 2021 WL 2806322, at *5 (E.D. Tex. July 4, 2021) ("Due to their prevalence, obesity, diabetes, hypertension, and hyperlipidemia cannot be deemed 'extraordinary' in order to merit compassionate release."); *United States v. Sanchez-Chavez*, No. 22-40083, 2022 WL 15378117, at *1 (5th Cir. Oct. 27, 2022) (affirming district court denial of compassionate release because inmate's "asthma was controlled"); *United States v. Diaz*, No. 18-0237, 2022 WL 1004218, at *2 (S.D. Tex. Apr. 4, 2022) ("Defendant fails to demonstrate that his asthma condition is moderate to severe, or that his facility is refusing to treat the condition.").

Further, "to the extent that [defendant] raises a generalized fear of COVID-19, such a reason does not warrant compassionate release." *United States v. Davis*, No. 14-76, 2021 WL 4649700, at *3 (E.D. La. Oct. 7, 2021). The Fifth Circuit has "repeatedly denied relief in cases where prisoners sought compassionate release due to fear of communicable disease, even

5

when those prisoners were in poor health." *United States v. McMaryion*, No. 21-50450, 2023 WL 4118015, at *2 (5th Cir. June 22, 2023). The Court thus finds that compassionate release is not warranted on the basis of defendant's health concerns.

Defendant also asserts that compassionate release is also warranted because he has had no disciplinary infractions during his term of incarceration.[15] Notably, defendant provides no evidence of his disciplinary record, but assuming defendant's representations were true, defendant cites no authority that establishes that good behavior during incarceration amounts to an extraordinary or compelling circumstance warranting compassionate release. *See United States v. Segura-Sanchez*, No. 17-42, 2023 WL 2646434, at *2 (E.D. La. Mar. 27, 2023) (denying motion for compassionate release premised on defendant's "impeccable" disciplinary record).

Finally, defendant contends that compassionate release is warranted because if he were sentenced today, he would have been subject to a lower mandatory minimum sentence.[16] At the time that defendant was sentenced, there was a twenty-year mandatory minimum sentence under 18 U.S.C. §

---

[15] R. Doc. 62 at 6.
[16] *Id.* at 15.

841(b)(1)(A) for an offender who, like Griffin, had been properly noticed in accordance with 21 U.S.C. § 851 for a prior felony drug conviction. *See United States v. Tobin*, 2021 WL 3913584, at *5 (S.D. Tex. Aug. 31, 2021). Section 401 of the First Step Act subsequently reduced the mandatory minimum sentence in such cases to fifteen years. *Id.*

Whether nonretroactive changes to mandatory minimum sentences may warrant compassionate release is the subject of some debate. For example, in *United States v. Cooper*, the Fifth Circuit held that district courts may consider whether nonretroactive changes to mandatory minimum sentences, "either alone or in conjunction with any other applicable considerations, constitute extraordinary and compelling reasons for a reduction in sentence." 996 F.3d 283, 289 (5th Cir. 2021). Nevertheless, last month, the Fifth Circuit clarified that "a prisoner may not leverage non-retroactive changes in criminal law to support a compassionate release motion, because such changes are neither extraordinary nor compelling." *McMaryion*, 2023 WL 4118015, at *2. The court went on to hold that courts "may not usurp the legislative prerogative and use 18 U.S.C. § 3582(c)(1) to create retroactivity that Congress did not." *Id.* (citing *United States v. Wiltberger*, 18 U.S. 76, 95 (1820)).

7

Even if the First Step Act's nonretroactive change to the mandatory minimum sentence for 21 U.S.C. § 841(b)(1)(A) convictions may be considered on a compassionate release motion, the Court finds that defendant has not established that the sentencing changes amount to an "extraordinary" circumstance warranting release, either alone or in conjunction with other factors, nor do the 18 U.S.C. § 3553(a) factors favor compassionate release. *See United States v. Cisneros*, No. 21-40860, 2023 WL 2823903, at *1 (5th Cir. Apr. 7, 2023) (affirming district court's conclusion that nonretroactive sentencing changes and the defendant's "clean prison record" did not amount to "extraordinary circumstances" warranting compassionate release); *United States v. Davila*, No. 22-50131, 2023 WL 2808965, at *1 (5th Cir. Apr. 5, 2023) (affirming district court's conclusion that nonretroactive sentencing changes for defendant's statute of conviction and the COVID-19 pandemic did not amount to "extraordinary and compelling reasons warranting relief").

## III.     CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion for compassionate release.

New Orleans, Louisiana, this 28th day of July, 2023.

_____*Sarah Vance*_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE